**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ROBERT M. GBANAPOLOR | Criminal No. 20-527 (MAS)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court upon Defendant Robert M. Gbanapolor's ("Defendant") Omnibus Motion. (ECF No. 211.) The United States of America (the "Government") opposed several aspects of the Motion and cross-moved. (ECF No. 212.) The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1, which is applicable to criminal cases under Local Civil Criminal Rule 1.1. For the reasons set forth herein, the parties' motions are each granted in part and denied in part.

**I.    BACKGROUND**

On February 25, 2021, in a superseding indictment, Defendant was charged with conspiracy and possession with intent to distribute 100 grams or more of heroin, one count of distribution and possession with intent to distribute heroin, and one count of possession with intent to distribute 100 grams or more of heroin pursuant to 21 U.S.C §§ 841(a)(1), (b)(1)(B), (b)(1)(C), and 846. (Superseding Indictment, ECF No. 206.) The Government avers that beginning sometime

in June 2018 and continuing through May 2019, the Drug Enforcement Administration ("DEA") and local law enforcement investigated Defendant in an effort to target heroin trafficking in Trenton, New Jersey. (Superseding Indictment 2; Gov't's Opp'n Br. 3, ECF No. 212.) According to the criminal Complaint that preceded Defendant's Indictment, law enforcement officers completed three successful controlled purchases of heroin from Defendant by utilizing confidential sources posing as interested buyers. (Compl. ¶ 8, ECF No. 1.) During one of these transactions, on January 31, 2019, the Government asserts that one of its agents communicated with Defendant via telephone to arrange a heroin transaction, and subsequently a quantity of heroin was sold to the agent. (Compl. ¶¶ 9-10.)

As a result of its investigation, the Government avers that it applied for, and was granted, an order pursuant to 18 U.S.C. § 2510 authorizing the interception of wire and electronic communications from Defendant's cell phone. (*See* Gov't's Opp'n Br. 3-4.) The Government also asserts that it monitored Defendant using physical surveillance in Philadelphia and outside Defendant's Trenton residence, as well as GPS tracking information installed on a white Jeep used by Defendant. (*See* Compl. ¶¶ 14, 17-23; *see also* Def.'s Moving Br. 5-7, ECF No. 211-1.) According to the Government, on each of April 28, May 3, May 8, and May 11, 2019, a pole camera installed at Defendant's residence recorded Defendant leaving the area in a white Jeep before law enforcement spotted the white Jeep arriving in Philadelphia approximately thirty minutes later to meet Duane Paulino-Escalera, Defendant's alleged sole supplier of heroin. (Gov't's Opp'n Br. 5; Compl. ¶ 2.)

Furthermore, the Government asserts that on or about May 17, 2019, while monitoring the 12200 block of Barbary Road in Philadelphia, Pennsylvania, law enforcement observed Paulino-Escalera arrive at the intersection of Byberry Road and Medford Road in a vehicle. (Compl. ¶ 14.)

Approximately thirty-six minutes after observing Defendant leave his residence in Trenton, law enforcement allegedly witnessed Defendant arrive at the same intersection in a white Jeep before parking behind Paulino-Escalera. (*Id.*) Paulino-Escalera is then alleged to have entered the front passenger door of the Jeep holding a white box, and several minutes later, law enforcement converged on the vehicle and arrested Defendant. (*Id.*) The Government maintains that when law enforcement searched the back seat of the white Jeep, they found a white box containing "several bundles of individually-wrapped small glassine packets containing an off white powdery substance," which was then "field tested by law enforcement and yielded positive results for the presence of heroin." (*Id.* ¶ 15.)

The Government alleges that Defendant was the leader of a drug trafficking organization, through which he obtained significant quantities of heroin from Paulino-Escalera, and then distributed this heroin in Trenton. (*Id.* ¶¶ 2-3.) Defendant has filed the instant Omnibus Motion requesting the following relief:

1. An order instructing the Government to disclose to Defendant any evidence that tends to be exculpatory toward him;
2. An order commanding the Government to provide Defendant with a preliminary or draft exhibit list thirty days before trial;
3. An order requiring the Government to notify Defendant of any Fed. R. Evid. 404(b) material it intends to introduce against him ten days before jury selection commences;
4. An order compelling the Government to notify Defendant of any Fed. R. Evid. 801(d) statements it intends to introduce;

5. An order instructing the Government to hand over *Jencks* and *Giglio* material to Defendant at least twenty-four hours before a particular Government witness is to be called;

6. An order allowing Defendant to file additional motions up to the time of trial;

7. An order that a hearing be held pursuant to *Franks v. Delaware* to determine whether the affidavit for the search warrant for Defendant's iPhone contained deliberate falsehoods or intentional omissions that, if known to the authorizing judge, would have changed the determination of probable cause;

8. An order suppressing data collected from pen registers and trap and trace devices that surveilled Defendant's phone on dates outside the scope of the Court's orders;

9. An order that a pretrial hearing be held to determine if the Government can use certain prior convictions to impeach Defendant under Fed. R. Evid. 609 in the event he testifies in his own defense.

(Def.'s Notice of Pretrial Mots. 1-2, ECF No. 211.)

## II. DISCUSSION

Several aspects of Defendant's Motion are unopposed and can be succinctly resolved. Defendant argues that the Government must disclose exculpatory information. (Def.'s Moving Br. 2.) In response, the Government indicates that it is aware of its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), and has and will continue to meet its disclosure obligations. (Gov't's Opp'n Br. 9.) Because there is no dispute between the parties, Defendant's Motion for an instruction that the Government comply with its *Brady* obligations is denied.

Defendant also moves to command the Government to provide him with a preliminary or draft exhibit list thirty days before trial. (Def.'s Moving Br. 2.) The Government requests an order

4

permitting it to provide its exhibit list two weeks before trial when it files its trial memorandum. (Gov't's Opp'n Br. 10.) Here, the Court agrees with Defendant that in light of the amount of discovery that appears to be involved in this matter, it is appropriate to order both the Government and Defendant to exchange draft exhibit lists at least thirty-days before trial.

Regarding Defendant's request that the Government notify him of Fed. R. Evid 404(b) material ten days before jury selection commences, the Government seeks leave of the Court to provide Defendant with notice of Rule 404(b) evidence at least two weeks before trial, if not earlier. (Gov't's Opp'n Br. 12.) The Government also requests notice of any Rule 404(b) evidence that Defendant intends to offer. (*Id.*) Given the willingness of the Government to provide Rule 404(b) evidence earlier than requested by Defendant, leave of Court is granted and Defendant's Motion is denied. The Government's request for notice of reverse Rule 404(b) evidence is also granted.

With respect to Defendant's request for an order instructing the Government to disclose *Jencks* and *Giglio* material, there is no dispute between the parties as the Government indicates that it will produce these materials well in advance of the twenty-four hours before trial that Defendant requests. (*Id.* at 7-9.) Accordingly, Defendant's Motion requesting that the Government be instructed to disclose *Jencks* and *Giglio* material at least twenty-four hours before a government witness is called is denied.

The Government also does not contest Defendant's request for an order allowing Defendant to file additional motions before trial, and requests that it be granted the same opportunity. (*Id.* at 14.) Both Defendant's Motion and the Government's Cross-Motion are granted in this regard.

5

Defendant also moves to suppress the results of pen register devices installed on his cell phone for the six days where court authorization had lapsed. (Def.'s Moving Br. 8.) The Government concedes that for these six days, its pen register device operated without Court authorization. (Gov't's Opp'n Br. 22 ("as the Defendant correctly recognizes, the pen register and trap and trace device installed on the Defendant's cell phone remained activated for six days—October 1 and 2, 2018 and December 3 through 6, 2018—without Court authorization.").) Accordingly, Defendant's Motion will be granted and data recovered by the pen register and trap and trace device during these six days will be suppressed.

The Government has also cross-moved for reciprocal discovery. (Gov't's Opp'n Br. 35-36.) The Government asserts that to date, it has not received any reciprocal discovery from Defendant despite a prior Court order requiring Defendant to "provide all discovery required by Federal Rule of Criminal Procedure 16(b)(1) on or before November 23, 2020." (Oct. 5, 2020 Scheduling Order, ECF No. 194.) Defendant's reply brief does not address the Government's assertions with respect to discovery. In this posture, the Court declines to grant the Government's request. Nevertheless, the Court will enter an order directing Defendant to file correspondence addressing the Government's assertions on this point.

The following aspects of the motions, however, require more extensive discussion.

A.     **Motion for an Order Requiring a *Franks* Hearing**

Defendant moves for an order requiring a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154, 171-72 (1978). Defendant alleges that a June 11, 2019 affidavit used to obtain a post-arrest search warrant of his smartphone contained "deliberate falsehoods" and "intentional omissions of crucial facts." (Def.'s Moving Br. 5; *see also* Gov't's Opp'n Br. 16-17; Aff., Ex. A to Gov't's Opp'n Br., ECF No. 212-1.) Among other things, Defendant alleges that the affiant

purposefully failed to inform the Court that Defendant himself was not spotted during several of the transactions, only his Jeep with tinted-windows, that the affidavit relied on exaggerated reports from a confidential informant claiming that Defendant sold "300 bricks of heroin a week," and that the departure and arrival time for one observed transaction was deliberately omitted to conceal a mistake. (Def.'s Moving Br. 5-7.)

The Fourth Amendment requires the Court to hold a hearing on the veracity of statements in a search warrant affidavit when the defendant makes "a substantial preliminary showing that the affidavit contained a false statement or omission that (1) was made knowingly and intentionally, or with reckless disregard for the truth, and (2) was material to the finding of probable cause." *United States v. Aviles*, 938 F.3d 503, 508 (3d Cir. 2019) (quoting *Franks*, 438 U.S. at 155-56 (internal quotations omitted)). Under *Franks*, a substantial preliminary showing requires more than conclusory allegations that the affidavit contains false statements or omissions, and must present an offer of proof contradicting the affidavit. *United States v. Yusuf*, 461 F.3d 374, 383 n.8 (3d Cir. 2006) (citing *Franks*, 438 U.S. at 171). In assessing materiality, the Court examines the misstatements and omissions from the affidavit to determine if there is still a "fair probability that contraband or evidence of a crime will be found in a particular place." *Yusuf*, 461 F.3d at 390 (citing *Illinois v. Gates*, 462 U.S. 213, 235 (1983)).

Here, the Court finds that Defendant has failed to establish a substantial preliminary showing of intentional or reckless statements or omissions that would have defeated probable cause. While the affiant could have specified that the vehicle, and not Defendant himself, was spotted in Philadelphia, there is no evidence cited by Defendant to suggest this omission was intentional or reckless. Furthermore, Defendant fails to offer contradictory evidence that he was not in the white Jeep during the pre-arrest transactions. *Cf. Yusuf*, 461 F.3d at 383 n.8 ("the

7

defendant cannot rest on mere conclusory allegations . . . but rather must present an offer of proof contradicting the affidavit"). Nor has Defendant met his burden of demonstrating that the omission of the departure and arrival times from the affidavit for the May 8, 2019 surveillance operation was anything more than a typographical error, let alone a deliberate or reckless omission serving to deceive the authorizing judge.

The materiality element is also not met because probable cause would still have been satisfied in light of other incriminating evidence. In *United States v. Frost*, a defendant challenged a search warrant where the officer's affidavit omitted that a drug-sniffing dog had not detected the presence of drugs in defendant's suitcase during an airport search. 999 F.2d 737, 740 (3d Cir. 1993). The defendant also argued that the affiant had misrepresented the amount of marijuana involved in the defendant's previous arrest. *Id.* The Third Circuit held that "the relevant issue" is whether the police affidavit "would have provided probable cause if it had disclosed the information concerning the dog's sniffing of the suitcase[.]" *Id.* at 743. Consequently, the *Frost* court concluded that probable cause would still have been established based on a number of other suspicious factors, including defendant's prior drug arrest, his furtive behavior (e.g., his employment of counter-surveillance techniques in an airport, nervousness and contradictory statements when engaged by detectives), and his possession of a large amount of cash in small bills. *Id.* at 743-44.

Similar to *Frost*, in the case at bar, even if the omitted information had been included, probable cause would still have been established here because the affidavit offered other evidence of illegal narcotics transactions, including wiretapped communications intercepted in the days prior to Defendant's arrest in which he allegedly discussed heroin transactions. (Aff. ¶¶ 17-19.) Furthermore, after law enforcement converged on the Jeep and arrested Defendant, the affidavit

8

reports that law enforcement seized nearly 100 grams of suspected heroin in the back seat. (*Id.* ¶¶ 20-21). Accordingly, regardless of any omission or misstatement in the affidavits, these factual circumstances more than establish probable cause for the warrant to issue.[1] Therefore, Defendant's motion for a *Franks* hearing is denied.

### B. Motion for an Order Requiring a Pretrial Hearing Regarding Defendant's Prior Convictions under Fed. R. Evid. 609

#### 1. Defendant's 2010 Federal Perjury Conviction

Pursuant to Federal Rule of Evidence 609(a)(2), the Government cross-moves for the introduction of Defendant's 2010 federal perjury conviction in the event he testifies at trial. (Gov't's Opp'n Br. 23-24). Defendant does not contest this aspect of the Government's motion. (*See* Def.'s Reply 2, ECF No. 213.) Under Rule 609(a)(2), a court must admit evidence of a prior conviction for impeachment purposes if it "can readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement." Fed. R. Evid. 609(a)(2). Although a court may exclude relevant evidence using a balancing test comparing the probative value of the evidence against its prejudicial effect, this balancing test is "not applicable to impeachment by *crimen falsi* convictions . . . ." *United States v. Wong*, 703 F.2d 65, 68 (3d Cir. 1983) (citations omitted). Accordingly, the Court will allow the Government to admit evidence of the 2010 perjury conviction for impeachment purposes in the event Defendant testifies.

---

[1] Similarly, the Court finds Defendant's recent Supplement to Pretrial Motion VII for a *Franks* Hearing (ECF No. 217) unavailing. Defendant's Supplement alleges that authorities purposefully or recklessly omitted other information concerning the reliability of the confidential informant discussed from the June 2019 warrant affidavit. (*Id.*) Nevertheless, even accepting these arguments as true, Defendant's motion for a *Franks* hearing would fail the materiality analysis because of other probable cause evidence present in the affidavit.

### 2. Defendant's Previous Drug Trafficking Convictions

Defendant's three previous drug trafficking convictions, however, are inadmissible. Federal Rule of Evidence 609(a)(1)(B) states that criminal conviction evidence used to impeach a defendant's credibility "must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant." Fed. R. Evid. 609(a)(1)(B). If more than ten years have passed since the witness's conviction or release, evidence of the conviction is only admissible if "its probative value, supported by specific facts and circumstances, *substantially* outweighs its prejudicial effect[.]" *See* Fed. R. Evid. 609(b)(1) (emphasis added). The Third Circuit uses four factors to determine whether the probative value outweighs the prejudice of previous convictions: 1) the kind of crime involved; 2) when the conviction occurred; 3) the importance of the defendant's testimony to the case; and 4) the importance of the credibility of the defendant to the case. *United States v. Thompson*, No. 17-094, 2019 WL 102413, at *9 (D.N.J. Jan. 4, 2019) (citing *Gov't of V.I. v. Bedford*, 671 F.2d 758, 761 n.4 (3d Cir. 1982)). Under the first *Bedford* factor, prior convictions for the same or substantially similar crimes to those charged should be admitted sparingly due to their prejudicial effect. *United States v. Wilson*, No. 15-94, 2016 WL 2996900, at *2 (D.N.J. May 23, 2016) (citations omitted); *see also United States v. Hans*, 738 F.2d 88, 94 (3d Cir. 1984) (finding the defendant's previous conviction for assault with intent to commit armed robbery was too similar to the charge of bank robbery).

Regarding the second factor, "[t]he probative value of a conviction decreases as its age increases." *Wilson*, 2016 WL 2996900, at *3 (citation omitted). "Convictions over 10 years old will be admitted *very rarely* and *only in exceptional circumstances*." *United States v. Shannon*, 766 F.3d 346, 352 n.9 (3d Cir. 2014) (emphasis in original) (citing Fed. R. Evid. 609(b) Advisory

10

Committee's Note). The probative value will be greater if the defendant has multiple intervening convictions. *United States v. Caldwell*, 760 F.3d 267, 287 (3d Cir. 2014).

Under the third *Bedford* factor, if a defendant's testimony is critical to his defense, this factor weighs against admitting a prior conviction. *Wilson*, 2016 WL 2996900, at *3; *see also United States v. Figueroa*, No. 15-098, 2016 WL 126369, at *4 (D.N.J. Jan. 11, 2016). If it is clear to the trial court that the accused "must testify to refute the strong prosecution evidence, then the court should consider whether, by permitting conviction impeachment, the court in effect prevents the accused from testifying." *Caldwell*, 760 F.3d at 287 (citations omitted). Regarding the fourth *Bedford* factor, when the defendant's credibility is a central issue, this weighs in favor of admitting a prior conviction. *United States v. Johnson*, 302 F.3d 139, 152-53 (3d Cir. 2002) (finding that credibility was a major issue at trial where the defense depended on the jury believing its story instead of a witness's story regarding ownership of the seized drugs, without other evidence).

The Court finds that no hearing needs to be conducted regarding the admissibility of Defendant's prior drug convictions, and that their probative value does not exceed their prejudicial effect. The first *Bedford* factor weighs strongly in favor of exclusion. Defendant is charged with violating a federal statute for knowingly and intentionally conspiring to distribute and possessing with the intent to distribute 100 grams or more of heroin. (*See generally* Superseding Indictment.) Defendant was convicted in 2006 and 2016 of violating N.J. Stat. Ann. § 2C:35-5A(1) for the manufacture, distribution, and possession with the intent to distribute controlled substances. (Gov't's Opp'n Br. 24.) Even more than in *Hans*, where assault with the intent to rob was found to be substantially similar to bank robbery, the nearly identical nature of the charges against Defendant and his previous convictions creates a substantial risk of prejudice. *Hans*, 738 F.2d at

11

94. Accordingly, the first *Bedford* factor favors the exclusion of all of Defendant's previous drug trafficking convictions.

Regarding the second *Bedford* factor, Defendant's two convictions in and around 2006 occurred approximately thirteen years prior to Defendant's arrest in this case. Similar to *United States v. Gilmore*, No. 06-848, 2007 WL 4999624, at *2 (D.N.J. Feb. 7, 2008), Defendant is charged with the same crime as his prior convictions, and two of his prior convictions are well beyond Rule 609(b)'s ten-year period. Even though Defendant has intervening convictions, including his 2016 drug trafficking conviction, the Government has failed to demonstrate that exceptional circumstances justify the admission of Defendant's highly prejudicial drug convictions. *See United States v. Butch*, 48 F. Supp. 2d 453, 466 (D.N.J. 1999).

Under the third and fourth *Bedford* factors, Defendant's testimony and credibility are unlikely to be important to this case. Defendant's credibility and testimony are unlikely to be a central issue because the Government's direct and circumstantial evidence would prevent trial from becoming a "swearing contest," which favors the Defendant's convictions being withheld from evidence. *See United States v. Thompson*, No. 17-0094, 2019 WL 102413, at *10 (D.N.J. Jan. 4, 2019) (finding that the factors of the importance of defendant's testimony and credibility favored excluding prior convictions where the Government had direct and circumstantial evidence).

Even though the second factor favors admission with respect to the 2016 conviction, "this single factor is not enough to warrant admission of the prior conviction where all others favor exclusion." *Caldwell*, 760 F.3d at 288. For the foregoing reasons, the Court finds that Rule 609 is not a proper basis for admitting any of Defendant's prior drug trafficking convictions, and there is

no need for a hearing. Therefore, Defendant's request for a hearing is denied, and the Court holds that Defendant's prior drug trafficking convictions are inadmissible.

### C. Motion to Compel the Government to Provide Notice of Rule 801(d) Statements It Intends to Introduce

Defendant contends that if the Government intends to introduce co-conspirator statements under Rule 801(d)(2)(E), the Court should compel the Government to disclose them "at the same time it would give notice of [Rule] 404(b) material, ten days before trial, so that any objections to such statements can be ruled upon before trial." (Def.'s Moving Br. 3.) In the event that the Government made such a disclosure, Defendant asserts that he would request a *James* hearing to determine the admissibility of these statements before trial. (*Id.*) In response, the Government asserts that the thrust of its case at trial depends on Rule 801 statements, and that it should not be required to present most of its case at a pretrial hearing. (Gov't's Opp'n Br. 13.)

Under Rule 801(d)(2)(E), co-conspirator statements are admissible as non-hearsay against a defendant if made during and in furtherance of the conspiracy, which requires proving the existence of a conspiracy by a preponderance of evidence. *United States v. Escalante-Melgar*, No. 16-453, 2020 WL 968091, at *13 (D.N.J. Feb. 28, 2020). While district courts in the Third Circuit may hold *James* hearings to determine the admissibility of these statements, they are "'sparingly used' because 'control of the order of proof at trial' is within the trial judge's discretion." *Escalante-Melgar*, 2020 WL 968091, at *13 (quoting *United States v. Cont'l Grp., Inc.*, 603 F.2d 444, 456-57 (3d Cir. 1979)).

The Court finds that Defendant is not entitled to advance notice of Rule 801 statements that the Government intends to introduce. Nor is he entitled to a *James* hearing. Although Defendant requests pre-trial disclosure of these statements, his moving brief does not direct the Court to other cases in which the Government has been ordered to disclose Rule 801(d) statements

13

before trial. On the other hand, "[d]istrict courts of the Third Circuit have consistently held that Rule 16 does not provide for the discovery of a co-conspirator's statement." *United States v. Cheatham*, 500 F. Supp. 2d 528, 538 (W.D. Pa. 2007) (citing, among others, *United States v. Giampa*, 904 F. Supp. 235, 285 (D.N.J.1995), *aff'd without opinion*, 107 F.3d 9 (3d Cir.1997); *United States v. Eisenberg*, 773 F. Supp. 662, 680-82 (D.N.J.1991)). Moreover, courts have held that unlike Rule 404(b), which explicitly includes a reasonable notice requirement, there is no notice requirement in Rule 801. *See, e.g.*, *United States v. Li*, No. 16-194, 2017 WL 590275, at *5 (M.D. Pa. Feb. 14, 2017) ("Unlike Rules 404(b) and 807, Rule 801(d)(2) does not contain a notice requirement. Therefore, there is no requirement under the Federal Rules of Evidence that the Government disclose its intention to offer this type of evidence prior to trial."); *United States v. Whitley*, No. 11-151A, 2014 WL 2765804, at *6 (W.D.N.Y. June 18, 2014) ("Rule 801(d)(2)(E) . . . does not contain a required pretrial notice and therefore, there is no requirement on the part of the government to make any such disclosure of this type of evidence at this time."). Accordingly, to the extent Defendant seeks pretrial disclosure of co-conspirator statements, the request is denied.

Additionally, to the extent Defendant requests a *James* hearing, the Court finds that "a *James* hearing is not warranted under the circumstances of this case." *Ecalante-Melgar*, 2020 WL 968091, at *14. As in *Ecalante-Melgar*, the Court finds that "it would be an undue burden on all parties to hold a hearing to effectively determine the existence of the conspiracy before trial." *Id.* at 14. Such "a hearing would be a duplicative mini trial." *Id.*

## III. <u>CONCLUSION</u>

For the reasons set forth above, both Defendant's Omnibus Motion and the Government's Cross-Motion are granted in part and denied in part. The Court will enter an Order consistent with this Memorandum Opinion.

                                                */s/ Michael A. Shipp*
                                                MICHAEL A. SHIPP
                                                UNITED STATES DISTRICT JUDGE